UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| MONIQUE HOLSEY-HYMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | FILE NO. 1:24-CV-296 |
| JARROD B. EDENS. EDENS INVESTMENTS, ) | |
| INC., SARA M. YOUNG, Individually and in her ) | |
| official capacity as City of Durham Planning ) | [Formerly Durham County, North |
| Director, KIMBERLY M. REHBERG, ) | North Carolina Superior Court |
| Individually and in her official capacity as ) | File No. 24-CVS-1218] |
| City Attorney for Durham, JILLIAN N. ) | |
| JOHNSON, Individually and in her official ) | |
| capacity as a member of Durham City Council, ) | |
| MARK A. MIDDLETON, Individually and in his ) | |
| official capacity as a member of Durham of ) | |
| City Council and Mayor Pro Tempore, ) | |
| and THE CITY OF DURHAM, ) | |
| a Municipal Corporation. ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF REMOVAL OF**
**ACTION UNDER 28 U.S.C § 1441(a)**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendants City of Durham ("Defendant City"), Sara Young ("Defendant Young"), Jillian Johnson ("Defendant Johnson"), and Mark Anthony Middleton ("Defendant Middleton") -- pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 -- hereby remove this civil action from the Durham County, North Carolina Superior Court (where

it is currently pending (File No. 24-CVS-1218) to the United States District Court for the Middle District of North Carolina, Durham Division.

This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because the face of the complaint asserts a First Amendment free speech retaliation claim through 42 U.S.C. § 1983. (Compl. ¶¶ 269-86). This Court has supplemental jurisdiction over related state law claims under 28 U.S.C § 1367. Venue is proper in this Court because the United States District Court for the Middle District of North Carolina is the federal judicial district embracing Durham County, North Carolina where the state court action was originally filed. *See* 28 U.S.C. §§ 1441(a), 1446(a); *see also id.* at § 113(b).

### I. Background

1. Plaintiff is a former member of the Durham City Council. (Compl. ¶ 1). Plaintiff alleges that Defendants made defamatory oral and written statements about her in retaliation for her vote against a real estate development project when she was on City Council. (*Id*. at ¶¶ 74, 104, 110, 123, 168a-f).

2. On March 5, 2024, Plaintiff filed a complaint in the Durham County, North Carolina Superior Court styled as *Monique Holsey-Hyman v. Jarrod B. Edens et al.* (File No. 24-CVS-1218) and had civil summonses issued to Defendants City of Durham, Sara Young, Mark Anthony Middleton, and Jillian Johnson. Pursuant to 28 U.S.C. § 1446(a), copies of the complaint and civil summonses are attached hereto.

### II. Grounds for Removal

**Removal Authorized Under 28 U.S.C. § 1441(a)**

3. "Except as expressly provided by Act of Congress, any civil action brought in State court of which the district courts of the United States have original Jurisdiction, may be removed by the

Page 2 of 10

Case 1:24-cv-00296 Document 1 Filed 04/03/24 Page 2 of 10

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

**Federal Question Jurisdiction Under 28 U.S.C. § 1331**

4. This Court has original, federal question jurisdiction over the federal constitutional claim that is alleged on the face of the complaint. (Compl. ¶¶ 269-86).

5. Under 28 U.S.C § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff asserts a claim under the First Amendment through 42 U.S.C. § 1983.

6. Plaintiff's seventh claim for relief alleges that certain Defendants violated her First Amendment free speech rights. (*Id.*). Plaintiff alleges that "[t]he First Amendment to the United States Constitution establishes and provides an elected or duly appointed representative the right to speak or vote freely on questions of government policy without fear of retribution or retaliation." (*Id.* at ¶ 270). Plaintiff alleges further that Defendants made defamatory statements about Plaintiff in retaliation for Plaintiff's voting against a real estate development project. (*Id.* at ¶ 274).

**Supplemental Jurisdiction Over State Law Claims Under 28 U.S.C. § 1367(a)**

7. This Court has supplemental jurisdiction over Plaintiff's state law claims.

8. Under 28 U.S.C. § 1367(a), "… in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution."

9. Plaintiff's complaint contains ten state law claims for relief: slander per se (Compl. ¶¶ 186-197), slander per se (*Id.* at ¶¶ 198-207), libel per se (*Id.* at ¶¶ 208-21), libel per quod (*Id.* at ¶¶ 222-38), libel per se (*Id.* at ¶¶ 239-54), slander per se (*Id.* at ¶¶ 255-68), civil conspiracy (*Id.* at ¶¶

287-92), intentional/negligent infliction of emotional distress (*Id.* at ¶¶ 293-98), breach of fiduciary duty (*Id.* at ¶¶ 299-304), and punitive damages. (*Id.* at ¶¶ 305-13).

10. All of Plaintiff's state law claims share a common nucleus of operative fact with the federal, First Amendment retaliation claim. The common nucleus of operative fact is the circumstances surrounding Plaintiff's allegedly voting against a real estate development project as a City Council member (*Id.* at ¶ 67), and Defendants' allegedly taking defamatory actions against her in retaliation for her vote. (*Id.* at ¶¶ 168a-f).

11. The facts alleged to support the state law claims show that the claims are not determinable without reference to the facts alleged to support the First Amendment retaliation claim:

    a. To support her slander per se claims against Defendants Edens and Edens Investments (first claim for relief), Plaintiff alleges that Defendant Edens "… uttered, and caused to be uttered words to Defendant Sara Young and to potentially others … that were false and defamatory. (*Id.* at ¶ 187).

    b. To support her slander per se claim against Defendant Young (second claim for relief), Plaintiff alleges that "… [Defendant Young] uttered words to [Defendant Rehberg] and potentially others … that were false and defamatory. (*Id.* at ¶ 199).

    c. To support her slander per se claim against Defendant Rehberg (third claim for relief), Plaintiff alleges that Defendant Rehberg published a March 13, 2023, letter and March 14, 2023, memorandum that were false and defamatory. (*Id.* at ¶¶ 209-12).

    d. To support her alternative liber per quod claim against Defendants Rehberg and City (fourth claim for relief), Plaintiff alleges that Defendant Rehberg's March 13, 2023, letter and March 14, 2023, memorandum contain false statements that "…

are defamatory when considered in connection with innuendo, colloquium, and the circumstances in which they were made, thus constituting libel per quod." (*Id*. at ¶ 233).

e. To support her libel per se claims against Defendants Johnson, Middleton, and City (fifth claim for relief), Plaintiff alleges that Defendants Johnson and Middleton published a resolution of censure about Plaintiff that is false and defamatory. (*Id*. at ¶¶ 240-44). Alternatively, Plaintiff alleges that statements in the resolution of censure are "…defamatory when considered in connection with innuendo, colloquium, and the circumstances in which they were made, thus constituting libel per quod. (*Id*. at ¶ 249).

f. To support her slander per se claims against Defendants Johnson, Middleton, and City (sixth cause of action), Plaintiff alleges that; during a March 23, 2023, City Council meeting; Defendants Johnson and Middleton "…uttered and caused to uttered … words to the public … that were false and defamatory." (*Id*. at ¶ 256).

g. To support her civil conspiracy claim (eighth claim for relief), Plaintiff alleges that Defendants "… conspired to unfairly and wrongfully defame and disparage [Plaintiff], retaliate against her for her vote on the [real estate development project], [and] silence her voice on future development matters to come before the Council …" (*Id*. at ¶ 289).

h. Plaintiff asserts an intentional infliction of emotional distress claim and, in the alternative, a negligent infliction of emotional distress claim (ninth claim for relief) against all Defendants. To support her intentional infliction of emotional distress claim, Plaintiff alleges that "…[t]he defamatory, retaliatory, and wrongful

Page 5 of 10

Case 1:24-cv-00296   Document 1   Filed 04/03/24   Page 5 of 10

actions of Defendants … constitute extreme and outrageous conduct. Defendants' actions were beyond the bounds usually tolerated by a decent society and were intended to cause severe emotional and mental distress to [Plaintiff]." (*Id*. at ¶ 294). Plaintiff supports her alternative negligent infliction emotional distress claim by alleging that Defendants breached a duty of care owed to Plaintiff, "…and therefore negligently caused emotional distress ..." (*Id*. at ¶ 296).

    i.    To support her breach of fiduciary claim against Defendant Rehberg (tenth claim for relief), Plaintiff alleges that Defendant Rehberg breached a fiduciary duty owed to Plaintiff by allegedly engaging in the conduct described in the complaint's factual recitation, namely, publishing the March 13, 2023, letter and March 14, 2023, memorandum. (*Id*. at ¶ 303).

    j.    To support her claim for punitive damages against all Defendants (eleventh claim for relief), Plaintiff alleges that Defendants' alleged defamatory statements (*Id*. at ¶ 306) were willful and wanton, and malicious. (*Id*. at ¶¶ 309-10).

**Other Requirements for Removal**

12.    This Notice of Removal was timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt … of the initial pleading … to file the notice of removal. *See* 28 U.S.C. § 1446(b)(2)(B). Defendant City of Durham was served with the complaint on March 7, 2024, and filed this Notice of Removal was filed less than 30 days later on April 1, 2024.

13.    In accordance with 28 U.S.C. § 1446(b)(2)(A), Defendants Edens, Edens Investments, and Rehberg consent to removal as their attorneys' signatures indicate below.

### III.   Reservation of Rights

14.     This Notice of Removal is not intended as an admission of fact, law, or liability. By filing this Notice of Removal, Defendants do not waive any defenses or objections.

This the 2nd day of April 2024

By:     */s/ John Roseboro*
John Roseboro
Senior Assistant City Attorney
N.C. State Bar No. 26680
Email john.roseboro@durhamnc.gov
Aarin Miles
Senior Assistant City Attorney
N.C. State Bar No.  53048
Email:  aarin.miles@durhamnc.gov
Durham City Attorney's Office
101 City Hall Plaza 2nd Floor
Durham, North Carolina   27701
Phone: (919) 560-4158
Fax: (919) 560-4660
Attorneys for Defendants City of Durham, Sara Young, Jillian Johnson, and Mark Anthony Middleton

CO-DEFENDANTS' CONSENT TO REMOVAL:

Attorneys for Defendant Kim Rehberg:

> /s/ *Pat Kane*
> Pat Kane
> N.C. State Bar No. 36861
> Email: pkane@foxrothschild.com
> Fox Rothschild
> 230 N. Elm Street, Ste. 1200
> Greensboro, NC 27401
> Phone: 336-378-5200
> Fax: 336-378-5400
>
> La-Deidre Matthews
> N.C. State Bar No. 54358
> Email: lmatthews@foxrothschild.com
> Fox Rothschild
> 101 S. Tryon Street, Suite 1700
> Charlotte, NC 28280
> Phone: 704-384-2600
> Fax: 704-384-2800

Attorney for Defendants Jarrod Edens and Edens Investments, Inc.

> /s/ *Ryan Adams*
> Ryan J. Adams
> N.C. State Bar No. 27687
> Email: ryan.adams@adamshowell.com
> Adams, Howell, Sizemore & Adams, P.A.
> 1600 Glenwood Avenue, Suite 101
> Raleigh, NC 27608
> Phone: 919-900-4700
> Fax: 919-839-2230

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record. Furthermore, copies of the foregoing document were faxed to the following:

Attorneys for Defendant Kim Rehberg:

Pat Kane
N.C. State Bar No. 36861
Email: pkane@foxrothschild.com
Fox Rothschild
230 N. Elm Street, Ste. 1200
Greensboro, NC 27401
Phone: 336-378-5200
Fax: 336-378-5400

La-Deidre Matthews
N.C. State Bar No. 54358
Email: lmatthews@foxrothschild.com
Fox Rothschild
101 S. Tryon Street, Suite 1700
Charlotte, NC 28280
Phone: 704-384-2600
Fax: 704-384-2800

Attorney for Defendants Jarrod Edens and Eden Investments, Inc.:

Ryan J. Adams
N.C. State Bar No. 27687
Email: ryan.adams@adamshowell.com
Adams, Howell, Sizemore & Adams, P.A.
1600 Glenwood Avenue, Suite 101
Raleigh, NC 27608
Phone: 919-900-4700
Fax: 919-839-2230

Page 9 of 10

Case 1:24-cv-00296   Document 1   Filed 04/03/24   Page 9 of 10

Attorneys for Plaintiff Monique Holsey-Hyman:

Corey Cartwright
Florida State Bar No. 0641928
Email: agoodattorney4u@yahoo.com
Law Office of Corey Cartwright, P.A.
1500 Beville Road, Ste. 606
Daytona Beach, FL 32114
Phone: 800-766-4679
Fax: 501-642-7709

James T. Johnson
N.C. State Bar No. 19087
Email: jjohnson@dementaskew.com
Jonathan W. Martin
N.C. State Bar No. 49381
Email: jmartin@dementaskew.com
Dement Askew & Johnson
P.O. Box Office 711
Raleigh, NC 27602
Phone: 919-833-5555
Fax: 919-832-8287

        By:   /s/ John Roseboro_____
            John Roseboro
            Senior Assistant City Attorney
            N.C. State Bar No. 26680
            Email john.roseboro@durhamnc.gov
            Aarin Miles
            Senior Assistant City Attorney
            N.C. State Bar No. 53048
            Email: aarin.miles@durhamnc.gov
            Durham City Attorney's Office
            101 City Hall Plaza 2nd Floor
            Durham, North Carolina 27701
            Phone: (919) 560-4158
            Fax: (919) 560-4660
            Attorneys for Defendants City of Durham, Sara Young, Jillian Johnson, and Mark Anthony Middleton